UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY
------------------------------------------------------------------------X
SANEM DEMIRKAYA, on behalf of herself and all
others similarly situated,

                              Plaintiff,          **COLLECTIVE AND CLASS ACTION COMPLAINT**

  -against-

HAVEN RIVERFRONT RESTAURANT AND BAR
LLC, and JERRY MAHER,                      **JURY TRIAL DEMANDED**

                             Defendants.
------------------------------------------------------------------------X

Plaintiff Sanem Demirkaya ("Demirkaya" or "Plaintiff"), on behalf of herself and all others similarly situated, by her attorneys Pechman Law Group PLLC, complaining of Haven Riverfront Restaurant and Bar LLC ("Haven") and Jerry Maher (collectively with Haven, "Defendants") alleges:

## NATURE OF THE COMPLAINT

1. Sanem Demirkaya, was employed as a server and floor manager between April 2018 and May 2021 at Haven, a fine dining restaurant located in Edgewater, New Jersey. Although Demirkaya worked up to 70 hours per week, Haven only paid her, and the other servers at Haven, an hourly wage for the first forty hours, thereby cheating them out of minimum and overtime wages for all hours they worked after forty in a week. Moreover, Haven required Demirkaya and other tipped employees to spend more than twenty percent of their workweek performing non-tipped work such as polishing silverware, and applied a tip credit against their wages without providing notice of the tip credit as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C 12:56 *et seq.* ("NJWHL").

2. Plaintiff brings this action on behalf of herself and similarly situated current and former tipped employees who select to opt-in to this action pursuant to the FLSA, to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

3. Plaintiff also brings this action on behalf of herself and similarly situated current and former tipped employees pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NJWHL.

## JURISDICTION

4. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Haven is located in the District of New Jersey.

## THE PARTIES

**Plaintiffs**

6. Demirkaya resides in Hudson County, New Jersey.

7. Defendants employed Demirkaya as a server and floor manager from in or about April 2018 until May 15, 2021.

**Defendant Haven Riverfront Restaurant and Bar LLC**

8. Defendant Haven Riverfront Restaurant and Bar LLC is a New Jersey corporation that operates as Haven Riverfront Restaurant and Bar, located at 2 Main St, Edgewater, NJ 07020.

9. Haven is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Haven has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Within the three years prior to the filing of this Complaint, Haven had an annual gross volume of sales in excess of $500,000.

**Defendant Jerry Maher**

12. Defendant Jerry Maher ("Maher") is an owner of Haven.

13. Throughout Plaintiff's employment, Maher was directly involved in managing the operations at Haven.

14. Throughout Plaintiff's employment, Maher was regularly present and maintained an office at Haven.

15. Maher regularly directed the way employees performed their daily duties and assignments. For example, Maher watched the surveillance cameras from his office at Haven and would directly reprimand or correct the way servers, including Plaintiff, were providing service to customers.

16. Together with Kerri-Ann Sweeten, a minority owner of Haven, Maher held and participated in employee meetings where Plaintiff was present.

17. Throughout Plaintiff's employment, Maher had authority over personnel or payroll decisions and employment practices, policies, and procedures at Haven.

18. For example, Plaintiff complained to Maher that she was being assigned too many shifts as a floor manager and preferred to work as a server. Maher then had her schedule adjusted so she worked fewer floor manager shifts.

19. Throughout Plaintiff's employment, Maher hired, fired, promoted, disciplined, supervised, and controlled the employment terms and conditions of the

3

event planner and managers and/or supervisors of Plaintiff and similarly situated employees of Haven.

20. Maher exercised sufficient control over the operations of Haven to be considered Plaintiff's employer under the FLSA and NJWHL.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of herself and all other current and former tipped employees of Defendants who elect to opt-in to this action (the "FLSA Collective").

22. The FLSA Collective consists of approximately fifty similarly situated current and former employees of Haven, who, from the date that is three years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, have been victims of Defendants' common policy and practices that have violated the employees' rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime wages and misappropriated gratuities due under the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

23. Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements, and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures, and patterns with regards to their compensation.

24. Defendants have engaged in this unlawful conduct pursuant to a policy, plan, or practice of minimizing labor costs and denying employees compensation by failing to compensate Plaintiff and the FLSA collective for all hours they have worked. This policy and practice includes, but is not limited to:

i. Willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

ii. Willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants;

iii. Willfully failing to notify its employees, including Plaintiff and the FLSA Collective, of their rights under the FLSA; and

iv. Willfully misappropriating tips from its employees, including Plaintiff and the FLSA Collective, by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips, gratuities paid by customers that were intended for and earned by employees, including from Plaintiff and the FLSA Collective.

25. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective the minimum wage and overtime premium for all hours worked in excess of forty per workweek.

26. Defendants are aware or should have been aware that federal law prohibited them from misappropriating gratuities belonging to their employees.

27. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## RULE 23 CLASS ACTION ALLEGATIONS

28. Plaintiff brings her claims under the NJWHL as a class action, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all other

tipped employees employed by Defendants at any time within six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

29. The persons in the Rule 23 Class are so numerous that joinder of all members is impractical. The exact number of Rule 23 Class members is unknown to Plaintiff at this time, but is believed to be at least seventy-five such persons.

30. The identities of the Rule 23 Class members are known to Defendants and are contained in the employment records that Defendants are required to create and maintain pursuant to the FLSA and NJWHL.

31. Plaintiff's claims are typical of the claims of the of the Rule 23 Class because Plaintiff and the Rule 23 Class sustained damages arising out of Defendants' conduct in violation of the NJWHL.

32. The Rule 23 Class members work, or have worked, for Defendants in New Jersey as tipped workers and were not paid minimum and overtime wages by Defendants. They and Plaintiff have sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development contained in the New Jersey Administrative Code ("NJAC").

33. Defendants employed, or still employ, the Rule 23 Class without paying them minimum and overtime wages due.

34. Plaintiff will fairly and adequately protect the interests of the members of the Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

35. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the Rule 23 Class.

36. Plaintiff knows of no difficulty that will be encountered in management of this litigation that would preclude its maintenance of a class action.

37. Common questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

   i. Whether Defendants violated the NJWHL and the supporting New Jersey Department of Labor & Workplace Development regulations;

   ii. Whether Defendants failed to pay the Rule 23 Class all minimum wages due;

   iii. Whether Defendants misappropriated and illegally retained tips that were intended for, and earned by Plaintiff and the Rule 23 Class;

   iv. Whether Defendants failed to pay the Rule 23 Class all overtime wages due at a rate of one-and-one-half-times their regular hourly rate for all hours worked in excess of forty in a workweek in violation of the NJWHL;

   v. Whether Defendants failed to keep true and accurate time records, pay records and gratuities records for all hours/shifts worked by Plaintiffs and the Rule 23 Class, and other records required by the NJWHL;

   vi. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of law; and

   vii. The nature and extent of class-wide injury and the measure of damages for those injuries.

38. Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate relief with respect to the Rule 23 Class as a whole.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for Plaintiffs and the Rule 23 Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of Defendant's compensation practices to prosecute vigorously a lawsuit against Defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

40. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. This action is also properly maintainable as a class action on behalf of Plaintiffs and other employees similarly situated pursuant to N.J.S.A. 34:11-56a25.

## STATEMENT OF FACTS

42. Demirkaya was initially hired as a server in April 2018, then starting in or around April 2019 until approximately October 2020, she was assigned to work one to three shifts per week as a floor manager.

43. Defendants required Demirkaya to train at Haven by shadowing an experienced server but did not pay her any wages for the approximately five shift training period.

44. There are four available shifts at Haven, the lunch shift, the dinner shift, the double shift, and the weekend brunch shift.

45. Lunch shifts are from approximately 9:30 a.m. to 4:30 p.m., without any breaks. Dinner shifts are from 4:00 p.m. to closing, which varied from 10:00 p.m. to

12:30 a.m., based on the needs of the restaurant and post-shift side work. Double shifts are from 9:30 a.m. until closing and weekend brunch shifts were from approximately 10:00 a.m. to 12:30 a.m.

46. Demirkaya worked between five to seven days per week often working double shifts and dinner shifts, and regularly worked over forty hours per week. For example, for the week starting May 17, 2021, Demirkaya worked on Monday from approximately 3:00 p.m. to 10:30 p.m.; on Tuesday from approximately 10:00 a.m. to 10:30 p.m.; on Thursday from approximately 3:00 p.m. to 10:30 p.m.; on Friday from approximately 3:00 p.m. to 12:30 a.m.; and on Saturday from approximately 10:00 a.m. to 12:30 a.m., for approximately 51 hours and 30 minutes.

47. Demirkaya was also assigned to work as a floor manager. Demirkaya's schedule as a floor manager varied, but by way of example, on the week starting September 21, 2020, she worked as a floor manager on September 27th, from 10:00 a.m. to 9:00 p.m., and on September 28, 2020, she worked from 10:00 a.m. to 8:00 p.m.

48. Due to Covid-19, Plaintiff was furloughed between March 15, 2020 and June 15, 2020. Following her return to work in mid- June 2020 through August 2020, Plaintiff worked double shifts five days per week as a server, on Friday through Tuesday for approximately 70 hours per week.

49. From September 2020 through the end of her employment, Demirkaya continued to work between six and seven days per week, regularly double shifts on Friday, Saturday, Sunday, and Monday and dinner shifts on Tuesday or Thursday for approximately 52 hours per week.

50. Defendants applied a tip credit and paid Plaintiff, FLSA Collective Members and Class Members for server shifts at the same or similar hourly rates that

9

were at all times less than New Jersey's minimum wage. Specifically, Plaintiff was paid (i) $2.13 per hour in 2018; (ii) $2.63 per hour in 2019 and 2020; and $4.13 per hour in 2021.

51. Throughout her employment, Defendants paid Plaintiff $20 per hour worked as a floor manager.

52. Although Plaintiff regularly worked over forty hours per workweek, Defendants did not pay her any wages for hours worked in excess of forty per workweek.

53. Defendants did not provide notice informing Plaintiff, FLSA Collective and Rule 23 Class that they were claiming a tip credit, that the tips received by Plaintiff, FLSA Collective and Rule 23 Class must be retained by them unless otherwise provided for by a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips received.

54. Throughout her employment, Demirkaya, members of the FLSA Collective and Rule 23 Class members would spend at least twenty percent (20%) of their workweek performing non-tipped side work.

55. Together with other tipped employees, Plaintiff was required to perform pre-shift side work that included polishing water glasses, setting out table tents and candles, setting tables, folding napkins, filling the coffee machine, refilling sugar, salt and pepper dispensers, wiping down tables and chairs, and cleaning the floor. Moreover, once the temperature reached over approximately 45 degrees, Plaintiff had to set up outdoor carts and service stations in the restaurant outdoor dining section.

56. Plaintiff and members of the FLSA Collective and Rule 23 Class regularly began their pre-shift side work at 9:30 a.m. on weekdays and 10:00 a.m. on weekends. Haven did not open to customers until 11:30 a.m., Monday through Friday and at 11:00 a.m. on Saturday and Sunday.

57. Plaintiff and other tipped employees were also required to perform post-shift side work that included cleaning their sections and restocking their stations, for approximately forty-five minutes per shift. Then in or around June 2021, Haven began to require Plaintiff and other servers to polish silverware as part of their closing shift duties. This task was previously done during pre-shift side work. Accordingly, Plaintiff and other servers were required to wait for 1 hour to 1.5 hours after the restaurant closed for the dishwashers to wash the silverware to then be able to polish it.

58. From July 2021 through approximately August 2021, Plaintiff and other tipped employees were required to tip the dishwasher $5.00 each to expedite the washing of the silverware.

59. The dishwasher is a non-service employee who works exclusively in the kitchen and therefore should not have received any portion of the gratuities left for servers and other tipped employees.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Minimum Wages)**

60. Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

61. Defendants are employers within the meaning 29 U.S.C § 203(e) and 206(a) and employed Demirkaya and the FLSA Collective.

62. Demirkaya and the FLSA Collective were employees within the meaning of the FLSA.

63. The FLSA requires that employers pay employees at least the minimum wage for each hour worked up to forty in one week.

64. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants were required to, but failed to,

11

inform Demirkaya and the FLSA Collective of the provisions of subsection 203(m) of the FLSA.

65. Defendants failed to pay Demirkaya and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

66. Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

67. Due to Defendants' violations of the FLSA, Demirkaya and the FLSA Collective are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and post-judgment interest.

**SECOND CLAIM**
**(New Jersey Wage and Hour Law – Unpaid Minimum Wage)**

68. Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

69. Defendants are employers within the meaning of the NJWHL and supporting New Jersey State Department of Labor Regulations and employed Plaintiff and the Rule 23 Class.

70. Defendants failed to pay Demirkaya and the Rule 23 Class the minimum wages to which they are entitled under the NJWHL.

71. Defendants have willingly violated the NJWHL by knowingly and intentionally failing to pay Demirkaya and the Rule 23 Class the statutory minimum hourly wage rate.

72. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL and supporting State Department of Labor Regulations.

73. Due to Defendants' willful violations of the NJWHL, Demirkaya and the Rule 23 Class are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**THIRD CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

74. Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

75. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular rate of pay for all hours they worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et. seq.*

76. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled to under the FLSA.

77. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

78. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

79. Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

80. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and post-judgment interest.

## FOURTH CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

81. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

82. Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiff and the Rule 23 Class one and one (1½) half times their regular rates of pay for all hours worked in excess of forty.

83. Defendants have failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they are entitled to under the NJWHL.

84. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

85. Due to Defendants' willful violations of the NJWHL, Plaintiff and the Rule 23 Class are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
### (Fair Labor Standards Act - Misappropriation of Gratuities )

86. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

87. Pursuant to the U.S. Department of Labor's regulations, 29 C.F.R. § 531.52, tips are the property of an employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA.

88. By unlawfully requiring Plaintiff and the FLSA Collective to distribute gratuities to non-service employees, defendants violated the FLSA, 29 C.F.R. § 531.52.

89. As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective suffered damages by being denied wages in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre- and post-

judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the FLSA Collective, and the Rule 23 Class, respectfully request that the Court enter a judgment:

A. Certifying the case as a collective action for violation of the FLSA for employees described herein and designating Plaintiff's counsel as counsel for the FLSA Collective;

B. Certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedures, certifying Plaintiff as class representative, and designating Plaintiff's counsel as class counsel;

C. Authorizing the issuance of notice at the earliest possible time to all non-exempt tipped employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

D. Declaring that Defendants have violated the minimum and overtime provisions of the FLSA and NJWHL;

E. Declaring that Defendants misappropriated gratuities in violation of the FLSA;

F. Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class damages for unpaid minimum, overtime wages, and misappropriated gratuities;

G. Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest under the FLSA and NJWHL;

H. Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

I. Awarding such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
 July 20, 2021

> By: *s/Louis Pechman*
> Louis Pechman (Bar No. 035931983)
> Vivianna Morales (Bar No. 070652013)
> Pechman Law Group PLLC
> 488 Madison Avenue - 17th Floor
> New York, New York 10022
> (212) 583-9500
> pechman@pechmanlaw.com
> morales@pechmanlaw.com
> *Attorneys for Plaintiff*