## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANEM DEMIRKAYA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>HAVEN RIVERFRONT RESTAURANT AND BAR LLC, and JERRY MAHER,<br><br>Defendants. | Civil Action No.:<br>2:21-cv-13841 (JBC) |

### [~~PROPOSED~~] ORDER GRANTING
### FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; and
### ENTERING FINAL JUDGMENT

This matter came on for hearing upon the Court's Order of September 30, 2022 (ECF No. 42), following the Plaintiff's unopposed motion for preliminary approval of the settlement in this action.

On **February 1**, 2023, the Court heard an unopposed motion by Plaintiff Sanem Demirkaya ("Class Representative") (ECF No. 43). The Court has considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing, and for the reasons set forth on the record during the **February 1**, 2023 hearing,

The Court finds that the settlement memorialized in the Stipulation, filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for final approval;

The Court grants final approval of the parties' Settlement on the terms set forth in the Stipulation;

The Court certifies, for settlement purposes only, the following class ("Class") described in the Stipulation: Individuals who worked in tipped positions (such as servers, bartenders, bussers, runners, hosts) for Haven Riverfront Restaurant and Bar LLC d/b/a Haven located at 2 Main Street,

135357227

Edgewater, New Jersey 07020, where such individuals work or have worked between July 20, 2015, and July 20, 2021.

The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3) that the Court need not address for purposes of settlement. The Court further finds, for settlement purposes only, the requirements of the collective action provision of the Fair Labor Standards Act, 29 U.S.C. § 216(b), satisfied.

The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representative, and Defendant (collectively "Settling Parties"). The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

The Court hereby confirms the appointment of Sanem Demirkaya as Class Representative for the Settlement Class for purposes of the Settlement. *The Court also confirms the appointment of Rust Consulting Inc. as Class Administrator.* The Court hereby confirms the appointment of Pechman Law Group PLLC as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

The Court finds that the plan of allocation set forth in the Stipulation is fair and reasonable and that distribution of the Settlement Fund to Class Administrator, Claimants, Class Counsel and the Class Representative shall be done in accordance with the terms outlined in the Class Notice and Stipulation. Pursuant to the Class Notice and Stipulation, Defendant shall pay Nine Hundred and Fifty Thousand Dollars ($950,000.00) to fund a Settlement Fund. The following payments shall be paid out of the Settlement Fund: (i) all Settlement Shares as defined in the Stipulation (ii)

Class Administrator's approved fees totaling $13,931; (iii) Class Counsel's approved attorneys' fees and costs in this matter; and (iv) enhancement payment to the Class Representative for $20,000.00. The Court finds that these payments are fair and reasonable. Accordingly, the Court hereby awards to Class Counsel attorneys' fees of $310,325.87, and costs of $5,091.40 as of the date of disbursement. The enhancement award to the Class Representative in an amount of $20,000.00 for her services to the class is approved.

p.   The Settlement Administrator is directed to make the foregoing payments to Class Counsel and the Class Representative in accordance with the terms of the Stipulation. Those payments come out of the Settlement Account provided for in the Stipulation. After deducting the foregoing, the remaining shall constitute the Net Settlement Fund, and the Settlement Administrator shall distribute payments of Settlement Shares to Claimants pursuant to the terms of the Stipulation.

q.   The unclaimed Settlement Shares and uncashed Settlement Share checks shall returned to Defendant as set forth in the Stipulation.

r.   This matter is hereby dismissed with prejudice. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representative, the Settlement Class, Class Counsel, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

SO ORDERED this 1st day of February, 2023

_____
Honorable Magistrate Judge James B. Clark

3